SUMMARY ORDER

Petitioner Zu Xian Zheng, a native and citizen of the People’s Republic of China, seeks review of the July 31, 2008 order of the BIA: (1) affirming the December 8, 2006 decision of Immigration Judge (“IJ”) George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”); and (2) denying his motion to remand. In re Zu Xian Zheng, No. A78 845 636 (B.I.A. July 31, 2008), aff'g No. A78 845 636 (Immig. Ct. N.Y. City Dec. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. See Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007).
Substantial evidence supports the agency’s denial of Zheng’s applications for relief based on his alleged “resistance” to China’s coercive population control program. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 312-13 (2d Cir.2007) (en banc) (discussing “resistance” claims). Even assuming Zheng’s actions constituted “resistance,” the BIA reasonably concluded that his fear of persecution was not well-founded.[2] See Jin Shut Qiu v. Ashcroft, 329 F.3d 140, 149 (2d Cir.2003) (discussing the substantial evidence standard). The BIA found that, where there was no evidence that his wife’s second intrauterine device (“IUD”) had been removed, the family planning cadres’ threat of sterilization if that IUD were removed was insufficient to give rise to a well-founded fear of persecution. We disagree with Zheng’s argument that Rui Ying Lin v. Gonzales provides guidance, because in that case the petitioner “offered evidence that she already had two children, that she planned to have more, ... and that she had removed her IUD.” 445 F.3d 127, 136 (2d Cir.2006). By contrast, Zheng had only one child, did not clearly express an intent *679 to have more children, and the IUD remained in place. Accordingly, we are unconvinced that the BIA erred in finding that he failed to establish a discernible chance of persecution. Moussa Diallo v. INS, 232 F.3d 279, 284 (2d Cir.2000); see also Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005).
For similar reasons, we find that the BIA did not abuse its discretion by denying Zheng’s motion to remand. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 157 (2d Cir.2005). Zheng based his motion primarily on evidence that a man in his village, who had fathered only one child, was sterilized when cadres discovered that his wife’s IUD had been removed. However, as the BIA found, Zheng failed to establish prima facie eligibility for asylum on this basis where there is no evidence that he would face similar treatment. Jian Xing Huang, 421 F.3d at 129. We find no error here, particularly since his wife had not removed the IUD.
As all of Zheng’s claims for relief were predicated on the same factual basis, and because the BIA’s denial of asylum rested on his failure to establish a sufficient likelihood that he would face harm if returned to China, it follows that he failed to meet the higher burdens of proof with respect to withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Because Zheng failed to raise any argument in his appeal to the BIA pertaining to past persecution on economic grounds, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20, 124 (2d Cir.2007).